**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Becky Brimhall, | NO. 12-00625-PHX-PGR |
| Plaintiff | **ORDER** |
| v. |   |
| City of Scottsdale, et al., |   |
| Defendants. |   |

Before the Court is Defendants' Motion to Dismiss Amended Complaint. (Doc. 21.) Plaintiff opposes the motion.[1] (Doc. 25). For the reasons set forth herein, the motion is granted.[2]

On November 20, 2011, Plaintiff filed a complaint in Maricopa County Superior Court, alleging state claims and civil rights violations under 42 U.S.C. § 1983. (Doc. 1-1.) Defendants removed the case on March 23, 2012. (Doc. 1.) On March 26, 2012, Defendants filed a motion to dismiss. (Doc. 5)

Plaintiff filed an amended complaint on April 4, 2012, alleging civil rights violations under §1983—false arrest/imprisonment (Count 1), malicious prosecution (Count 3), and retaliatory arrest/prosecution (Count 4)—along with a state law claim of gross

---

[1] Defendants are the City of Scottsdale, Chief Alan Rodbell, City Prosecutor Caron Close, Assistant City Prosecutor Ken Flint, Officer Tina Moag, and Sergeant Larry Marmie.

[2] Plaintiff's request for oral argument is denied. The issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed.R.Civ.P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

negligence/negligence/wrongful prosecution (Count 2). (Doc. 15.) On May 11, 2012, Defendants filed the pending motion to dismiss. (Doc. 21.)

## BACKGROUND

Unless indicated otherwise, the following facts are taken from the amended complaint (Doc. 15) and accepted as true for purposes of the pending motion.

Plaintiff Becky Brimhall and Fred Brimhall were divorced on October 12, 2000. They had one child, a daughter, who was four years old at the time of the divorce.

The parties entered into a Parenting Plan that provided for each parent to have custody of the child for one-half of each month. The Parenting Plan required that Plaintiff's daughter attend the "Kiva Elementary School District" unless the parties agreed otherwise. The child attended Kiva Elementary School through sixth grade and then Mohave Middle School.[3]

In June of 2010, Plaintiff and Mr. Brimhall agreed that their child would attend Scottsdale Christian Academy ("SCA").

In July of 2010, Mr. Brimhall objected to paying the remaining tuition for the school and notified Plaintiff and the school. Plaintiff agreed to pay the tuition and other costs so the child could attend SCA.

Also in July of 2010, Plaintiff learned that Mr. Brimhall had moved to Albuquerque, New Mexico. His wife and family remained in Arizona. Plaintiff hired a lawyer and filed for sole custody. Mr. Brimhall was served with the modification request and a Notice of Hearing was set for August 26, 2010.

On August 10, 2010, the child's stepmother, Amy Brimhall, went to Saguaro High School and attempted to enroll the child. Plaintiff learned about the attempt to enroll the child at Saguaro and went to the school to complain and pick up the child. Saguaro High School

---

[3] The record shows that "Kiva Elementary School District" is a misnomer. (*See* Doc. 5 at 3 n.5; *id.*, Ex. 3.) Kiva Elementary School, Mohave Middle School, and Saguaro High School are in the "Saguaro Complex" of the Scottsdale Unified School District. Enrollment .

- 2 -

officials enrolled the child against Plaintiff's wishes.

On the afternoon of August 17, 2010, Tina Moag, the Saguaro School Resources Officer, arrested Plaintiff for violating the Parenting Plan by enrolling her daughter in the SCA rather than sending the child to Saguaro High School. Plaintiff was taken to jail and held on a charge of "Failure to obey a Court Order under A.R.S. § 13-2180." The matter was set for pretrial and a probable cause hearing. After negotiations with Plaintiff's attorney, however, the charge was dismissed.

Plaintiff alleges that prior to the arrest Officer Moag was involved in discussions and consulted with Scottsdale City Prosecutors Caron Close and Ken Flint. She alleges that these Defendants were aware that it was the stepmother, not the father, who was attempting to enroll the child, that the Mr. Brimhall had previously approved enrollment in SCA, and that Plaintiff opposed enrollment at Saguaro. According to Plaintiff, Defendants also knew, based on the Parenting Plan, that both parents had to consent to enrollment and that both parents had not consented to enroll the child at Saguaro. Plaintiff further alleges that Defendants knew the issue was scheduled to be brought before the Family Court and ruled upon by a Maricopa County Superior Court Judge.

## DISCUSSION

Defendants move to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On a motion to dismiss all allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The principle that allegations in a complaint are accepted as true does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint

- 3 -

must contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When a 12(b)(6) motion to dismiss is granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it is determined that the pleadings could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494 (9th Cir. 1995) (quoting *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Service*, 911 F.2d 242, 247 (9th Cir. 1990)).

**1.     Civil rights claims**

Defendants contend that the facts set forth in the amended complaint demonstrate that probable cause existed for Plaintiff's arrest and therefore Plaintiff's § 1983 claims must be dismissed. The Court agrees.

An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983. *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988). Therefore, to succeed on her claim for false arrest, Plaintiff must demonstrate that there was no probable cause to arrest her. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998); *see Lacy v. County of Maricopa*, 631 F.Supp.2d 1183, 1193 (D.Ariz. 2008) (explaining that "[p]robable cause to arrest or detain is an absolute defense to any claim under § 1983 against police officers for wrongful arrest or false imprisonment, as the lack of probable cause is a necessary element of each."). "Probable cause exists when the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy

- 4 -

1 information were sufficient to warrant a prudent man in believing that the plaintiff had
2 committed or was committing an offense." *Hart v. Parks*, 450 F.3d 1059, 1065–66 (9th Cir.
3 2006) (citations and quotations omitted); *see Hansen v. Garcia*, 148 Ariz. 205, 207, 713 P.2d
4 1263, 1265 (App. 1986) ("Probable cause to make an arrest exists when the arresting officer
5 has reasonably trustworthy information of facts and circumstances sufficient to lead a
6 reasonable man to believe an offense is being or has been committed and that the person to
7 be arrested committed it.").

8 In addition, an officer who makes an arrest without probable cause may be entitled
9 to qualified immunity if he reasonably believed there had been probable cause. *Rosenbaum*
10 *v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011). The qualified immunity inquiry in
11 unlawful asks whether "a reasonable officer could have believed that probable cause existed
12 to arrest" the plaintiff. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (per curiam); *see Jenkins*
13 *v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007) (noting that an officer will not be entitled
14 to qualified immunity "if officers of reasonable competence would have to agree that the
15 information possessed by the officer at the time of arrest did not add up to probable cause").

16 At a minimum, a reasonable officer could have believed that probable cause existed
17 to arrest Plaintiff for violating the Parenting Plan. The Plan requires Plaintiff's daughter to
18 attend the "Kiva Elementary School District" unless the parents agree otherwise. Saguaro
19 High School is in the same district as Kiva Elementary School and Mohave Middle School,
20 which the child attended before transferring to SCA. Plaintiff attempted to withdraw her
21 daughter from Saguaro High School and enroll her in another school.

22 Based on the facts set forth in the amended complaint, a reasonable officer could have
23 concluded that Mr. Brimhall did not consent to the child's enrollment in a different school
24 outside of the "Kiva Elementary School District." Mr. Brimhall objected to paying fees for
25 the child to attend SCA, and his wife enrolled the child in Saguaro High School. Under these
26 circumstance it was reasonable for Officer Moag to believe that Plaintiff was violating the
27
28

1   terms of the Parenting Plan by attempting to enroll the child in SCA. Even if Officer Moag
2   was mistaken in her conclusions about the terms of the Parenting Plan, she would be entitled
3   to qualified immunity because her conclusion was reasonable. "The qualified immunity
4   standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly
5   incompetent or those who knowingly violate the law.'" *Hunter*, 502 U.S. at 229 (quoting
6   *Malley v. Briggs*, 475 U.S. 335, 343 (1986)).

7   Plaintiff's malicious prosecution claim also fails. "To claim malicious prosecution,
8   a petitioner must allege "that the defendants prosecuted her with malice and without probable
9   cause, and that they did so for the purpose of denying her equal protection or another specific
10  constitutional right.'" *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (quoting
11  *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)); *see Gonzales v. City of
12  Phoenix*, 203 Ariz. 152, 155, 52 P.3d 184, 187 (Ariz. 2002) ("To prevail on a malicious
13  prosecution claim, a plaintiff must prove that the underlying criminal action was brought
14  without probable cause.").

15  The amended complaint alleges that prosecutors Close and Flint consulted with
16  Officer Moag and were aware that it was the child's stepmother, not Mr. Brimhall, who was
17  attempting to enroll the child in Saguaro High School without Plaintiff's consent; that Mr.
18  Brimhall had previously approved the child's enrollment in SCA; and that the matter was set
19  for a hearing before the Family Court. (Doc. 15, ¶ 18.) These facts are insufficient to plead
20  malice. They do not demonstrate a wrongful motive, such as "personal hatred or ill will," on
21  the part of the prosecutors. *Gutenkauf v. City of Tempe*, No. CV–10–02129–PHX–FJM, 2011
22  WL 1672065, at *3 (D.Ariz. May 4, 2011). In addition, as already stated, probable cause
23  existed for Plaintiff's arrest.

24  Plaintiff's claim against the City of Scottsdale also fails. In order for the City to be
25  liable under § 1983 for its policies and customs, Plaintiff must establish that she possessed
26  a constitutional right of which she was deprived, that the city had a policy that amounted to

- 6 -

1   deliberate indifference to Plaintiff's constitutional right, and that the policy was the moving
2   force behind the constitutional violation.[4] *See Woods v. City of Scottsdale*, No. CV-11-2488-
3   PHX-JAT, 2013 WL 614421, at *7 (D.Ariz. February 19, 2013) (citations omitted).

4   The allegations in the amended complaint (*see* Doc. 15, ¶¶ 32, 45, 53) do not satisfy
5   these criteria. They consist merely of conclusory statements about the City's policies.
6   "Plaintiff has not alleged what the policy actually is, has not explained how such a policy
7   amounts to deliberate indifference to Plaintiff's constitutional rights, nor has Plaintiff
8   explained or alleged any facts to show how the policy was the moving force behind any
9   constitutional violation." *Woods*, 2013 WL 614421, at *7.

10  Finally, Count 4 alleges a First Amendment violation in that Plaintiff was arrested and
11  prosecuted "in retaliation for her demands that the Child not be admitted into the school
12  without her permission. Plaintiff was within her constitutional rights and other rights to make
13  this demand and the arrest was in direct retaliation for Plaintiff's statements." (Doc. 15, ¶ 52.)
14  This claim also fails. A plaintiff cannot state a claim of retaliatory prosecution in violation
15  of the First Amendment if the charges were supported by probable cause. *Reichle v.*
16  *Howards*, 132 S.Ct. 2088, 2096 (2012). Here, the charges were supported by probable cause.

17  **2.   State law claim**

18  In Count 2 of her amended complaint Plaintiff alleges negligence, gross negligence,
19  and wrongful prosecution. (Doc. 15, ¶¶ 36–42.) Generally, federal courts do not exercise
20  supplemental jurisdiction over pendent state law claims when the federal claim is dismissed.
21  *See Garzon v. City of Bullhead*, 2011 WL 3471215, at *3 (D.Ariz. August 8, 2011) (citing
22  *Carlsbad Tech. Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009); 28 U.S.C. § 1367(c)(3)).
23  Nonetheless, the Court has reviewed the allegations in Count 2 and concludes that they fail

---

26  [4] Municipalities and other local government units are considered "persons" under §
    1983 and therefore may be liable for causing a constitutional deprivation. *Monell v. Dep't*
27  *of Social Services,* 436 U.S. 658, 690–91 (1978).

1 to state a claim because there was probable cause to arrest Plaintiff. *See Hansen*, 713 P.2d
2 at 1265 (rejecting claims of negligence, gross negligence, and malicious prosecution because
3 the plaintiff's arrest was made with probable cause).

## CONCLUSION

Plaintiff's amended complaint consist of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. This is insufficient to state a claim upon which relief can be granted.

Accordingly,

IT IS ORDERED that Defendants' motion to dismiss (Doc. 21) is granted.

IT IS FURTHER ORDERED that Plaintiff is granted leave to amend. Plaintiff shall have until April 19, 2013, to file an amended complaint.

DATED this 19th day of March, 2013.

_____
Paul G. Rosenblatt
United States District Judge